# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:99-CR-66-1-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM |
| FREDERICK LAMAR CIVERS, ) | OF DECISION |
| ) | |
| Defendant. ) | |
| ) | |

In this matter before the Court for a reduction of sentence pursuant to 18 U.S.C.§ 3582(c)(2) and Amendment 706 of the U.S.S.G. (made retroactive by Amendment 713), the Court makes the following findings and conclusions:

1. Defendant is eligible for a sentence reduction to a period of confinement equal to 120 months (the statutory minimum) for the reasons set forth in the Supplement to the Presentence Report.

2. In the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2) provides that the Court *may* reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. In the Commentary to U.S.S.G. § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is discretionary and that retroactivity does not entitle a defendant to a reduced term of imprisonment as a matter of right.

3. The Defendant's disciplinary record while in prison reflects that he twice used or possessed a controlled substance and engaged in other serious misbehavior. This demonstrates a continued

refusal to abide by the law and shows that he has maintained ties to underground suppliers of drugs, in spite of his completion of the drug program recommended by this Court.

4. Upon consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the possible threat to public safety posed by the early release of a person with this defendant's criminal predispositions, and this defendant's post-sentencing conduct, the court finds that:

    a. The original sentence of **135 months** is adequate, but no greater than necessary, to accomplish the objectives of sentencing, while a reduction would frustrate those objectives;[1] and

    b. This sentence is within the amended guideline range.

An appropriate Order shall issue separately.

Signed: December 8, 2008

Frank D. Whitney
United States District Judge

---

[1] The Court notes that it is not required under Fourth Circuit case law to undertake an exhaustive analysis of all of the § 3553(a) factors in this Order. See United States v. Legree, 205 F.3d 724, 728-29 (4th Cir. 2000).